HAROLD BLICK,

*Plaintiff,*

v.

SHAPIRO & BROWN, LLP,
PROFESSIONAL FORECLOSURE CORPORATION
OF VIRGINIA,
SELECT PORTFOLIO SERVICING, INC.,

*Defendants.*

CASE NO. 3:16-CV-00070

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

Plaintiff brings several causes of action challenging the validity of a foreclosure on his property. This is his fourth suit attacking the foreclosure on this particular property and his seventh suit challenging foreclosure on any one of his properties. In this suit, Plaintiff alleges violations of notice requirements in the Deed of Trust, two violations of the Virginia Code, one violation of the Truth in Lending Act ("TILA"), and two violations of the Federal Debt Collection Practices Act ("FDCPA"). Defendants, in response, assert various affirmative defenses, including *res judicata*, statute of limitations, and failure to state a claim under the FDCPA. Considering the asserted affirmative defenses and Plaintiff's insufficiently pled complaint, the majority of claims will be dismissed. However, one of the FDCPA claims against defendant Shapiro & Brown LLC ("Shapiro") will be allowed to proceed because it is adequately stated and not otherwise barred.

## I.  Background

### a.  Facts as Alleged

This controversy stems from the foreclosure sale of Plaintiff's property located at 6525

1

Dick Woods Road, Charlottesville, Virginia ("the Property"). (Dkt. 1-1 at 1.) Plaintiff and his then wife obtained a loan in 2005 secured by a deed of trust on the Property. (*Id*. at 3.) In 2013, servicing on the loan associated with the Deed of Trust was transferred to Select Portfolio Servicing, Inc. ("SPS"). (*Id*.) Professional Foreclosure Corporation of Virginia ("Pro Foreclosure") is the substitute trustee for the property, which gives it the right to foreclose upon the property in the event of a default. (*Id*.) Shapiro & Brown LLC ("Shapiro") is a law firm associated with Pro Foreclosure that was retained with respect to enforcement of the Deed of Trust on the Property. (*Id*.)

A series of letters creates the basis of Plaintiff's claims. On August 2, 2013, Plaintiff received a letter from SPS in response to his request for validation of the debt associated with the Deed of Trust. (*Id*. at 4.) Because the copy of the original promissory note ("Note") attached to the response letter was not endorsed as a negotiable instrument, Plaintiff claims that SPS has no right to service the loan. (*Id*.) Plaintiff also alleges he never received the notice of default required under the Deed of Trust because notice was sent to his former wife but not to him on August 3, 2015. (*Id*.) However, eleven days later, Plaintiff sent a letter to Shapiro in which he explicitly responded to the August 3rd letter and disputed the validity of the debt. (*Id*.) Shapiro never responded to this request for validation (*Id*.) On May 11, 2016, Shapiro sent a letter to Plaintiff notifying him of the foreclosure sale on the Property by Pro Foreclosure scheduled for June 6, 2016. (*Id*.) However, on its last two pages, the letter mistakenly described a different property and different substitute trustee. (*See* dkt. 9-7.) After Plaintiff wrote complaining of this discrepancy, Shapiro sent another notice dated May 23, 2016, but which was sent on May 24th and did not reach Plaintiff until May 27th. (*See* dkt. 9-13.) Plaintiff contends that the foreclosure sale was improper because he personally was never notified of his default and because he was

not properly notified of the foreclosure sale at least fourteen days beforehand. Additionally, Plaintiff alleges that Defendants' conduct violated several statutes, discussed below. Plaintiff seeks several remedies as a result of these alleged violations, including actual damages, legal costs, declaratory judgment, and criminal penalties.

### b. Prior Proceedings

The present litigation is the fourth in a series of cases that Plaintiff has brought seeking to invalidate the foreclosure and sale of the Property.[1] Additionally, Plaintiff brought two similar cases related to the foreclosure of his adjacent property.[2] Because Defendants in large part rely upon the theory of *res judicata*, a review of the prior proceedings is prudent.

In *Blick I*, Plaintiff brought four claims against two defendants: (1) to quiet title on the property, (2) improper foreclosure on the property because he had not been shown the original note, (3) violations of the FDCPA, and (4) derogatory reporting of debt to credit agencies under the Fair Credit Reporting Act ("FCRA"). *Blick I* at *2. The claims were brought against mortgage servicer JP Morgan Chase, N.A. ("JP Morgan") and substitute trustee Deutsche Bank National Trust Company ("Deutsche"). *Id.* at *1–2. Ultimately, this Court rejected Plaintiff's core theory that transfer of a note and inability to produce the original note invalidated the foreclosure, and was subsequently affirmed by the Fourth Circuit. *See* 475 F. App'x 852 (4th Cir.

---

[1]    *Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012), *aff'd*, 475 F. App'x 852 (4th Cir. 2012) [hereinafter "Blick I"]; *Blick v. Long Beach Mortgage Loan Trust 2005-WL3*, No. 3:13-cv-00002, 2013 U.S. Dist. LEXIS 46442 (W.D. Va. Mar. 29, 2013), *aff'd*, 539 F. App'x 126 (4th Cir. 2013) [hereinafter "Blick II"]; *Blick v. Deutsche Bank Nat. Trust Co.*, No. 3:14-CV-00022, 2014 WL 4052820 (W.D. Va. Aug. 15, 2014), aff'd, 591 F. App'x 231 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 114 (2015), *reh'g denied,* 136 S. Ct. 575 (2015) [hereinafter "Blick III"].

[2]    *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012) *aff'd*, 474 F. App'x 932 (4th Cir. 2012), and then in a second action on res judicata grounds. *Blick v. Soundview Home Loan Trust 2006-WF1*, No. 3:12-cv-00062, 2013 U.S. Dist. LEXIS 4186 (W.D. Va. Jan. 10, 2013), *aff'd*, 521 F. App'x 207 (4th Cir. 2013).

2012).

In *Blick II*, Plaintiff brought similar claims against the trust itself, rather than the trustee that was sued in *Blick I. See Blick II* at *3. This Court held that all claims were barred by *res judicata. Id.* at *12. Applying the relevant Virginia factors, this Court found that the trust and trustee were in privity for purposes of *res judicata*, and that all claims brought in *Blick II* could have been brought in the earlier action. *Id.* at *9. Again, the Fourth Circuit affirmed. *See* 539 F. App'x 126 (4th Cir. 2013).

Finally, in *Blick III*, Plaintiff brought another claim against Deutsche, alleging that invalid documents submitted in the *Blick I* litigation constituted fraud. *Blick III* at *1. This court dismissed the claims upon the defenses of *res judicata* and statute of limitations. *Id.* at *7. Under the statute of limitations analysis, the dispositive factor was that the claim accrued when the allegedly fraudulent document was submitted to the court more than two years prior. *Id.* at *5.

In this case, Plaintiff brings three types of claims against three Defendants. First, Plaintiff argues that Defendants failed to notify him of the foreclosure in violation both of the terms of the Deed of Trust and Virginia law. (Dkt. 1-1 at 7–8.) Second, Plaintiff alleges violations of the FDCPA stemming from a failure to validate debts and misrepresentations made in communications. (*Id.*) Finally, Plaintiff asserts a claim under Virginia Code § 18.2-178 for fraudulent misrepresentation of ownership of the Note. (*Id.* at 8.) The defendants in this case are SPS (loan servicer), Pro Foreclosure (substitute trustee), and Shapiro & Brown LLP (law firm working on behalf of Pro Foreclosure to enforce foreclosure).

## II. Standard of Review

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708

F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. Discussion

### a. Failure to Notice Claims

Plaintiff brings three separate claims alleging a failure to properly notice him of foreclosure activities. First, Plaintiff alleges that he was never notified of his default in violation of the terms of the Deed of Trust. (Dkt. 1-1, Claim 1(a).) The Deed of Trust required that he be notified of acceleration of his debt thirty days in advance of entering a default, so that he might have time to cure it. (Dkt. 9-3 at 12.) According to Plaintiff, notice of the default was only sent to his ex-wife, a former co-owner of the property. (*Id.* at 4.) Second, Plaintiff claims that Defendants violated Virginia Code § 55-59.1 by failing to notify him of the foreclosure sale at least fourteen days beforehand. (*Id.*, Claim 2(a).) *See* Va. Code § 55-59.1(A) ("Mailing of a copy of the advertisement or a notice containing the same information to the owner by certified or registered mail no less than 14 days prior to such sale . . . ."). While he did receive a letter on May 11, 2016 that was properly fourteen days prior to the sale, that letter identified the incorrect property and substitute trustee on two pages. The corrected notice was dated fourteen days prior

to the foreclosure sale, but was mailed only thirteen days prior to the sale. (*See* dkt. 9-13.) Third, by violating § 55-59.1, Plaintiff alleges that Defendants also breached the terms of the Deed of Trust, which required "notice of sale as required by Applicable Law." (Dkt. 1-1, Claim 1(b).)

In response to all notice claims, Defendants argue that Plaintiff received adequate notice years prior in the preceding foreclosure efforts and accompanying litigation.[3] Citing admissions made in the prior litigations and in his attached exhibits, Defendants assert that Plaintiff for several years prior had actual knowledge of (1) a default on the loan, (2) Pro Foreclosure's appointment as substitute trustee, and (3) the intent by Pro Foreclosure to foreclose on the Property. Therefore, Defendants argue, Plaintiff had actual knowledge of all relevant issues, and the timing and sufficiency of mailings in 2016 is irrelevant.

### i. Breach of Contract

Defendants' argument supports a finding that Plaintiff has failed to state a claim for breach of contract, although not for the reason articulated by Defendants. Plaintiff seeks damages stemming from two counts of breach of contract (*i.e.* the Deed of Trust). Under Virginia law, a claim for breach of contract must allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) defendant's breach or violation of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation."[4] *O'Connor v. Sand Canyon Corp.*, No. 6:14-CV-

---

[3]    Defendants do not concede that they provided improper notice in May of 2016. For the purposes of this motion to dismiss, however, it seems that Defendants do not contest Plaintiff's factual assertions related to notice given in 2016. Instead, they argue on the basis of facts previously admitted by Plaintiff that he had notice prior to any of the events at issue in this case.

[4]    This Court must follow *Erie* and apply substantive state law to claims brought under supplemental jurisdiction. *See ITCO Corp. v. Michelin Tire Corp., Commercial Div.*, 722 F.2d 42, 49 n.11 (4th Cir. 1983), *on reh'g*, 742 F.2d 170 (4th Cir. 1984). As a federal court sitting in Virginia, the Court must employ Virginia's choice of law rules to determine the applicable state law. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). Virginia applies the First Restatement approach for choice of law for contract claims, applying the law of the place where the contract was accepted. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390,

00024, 2014 WL 4983487, at *5 (W.D. Va. Oct. 6, 2014) (citing *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009)). However, Plaintiff has failed to allege facts here indicating that that he incurred damages. *See Mayo v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 485, 493 (E.D. Va. 2014), *aff'd*, 622 F. App'x 250 (4th Cir. 2015) (finding in a case challenging the validity of notice under a deed of trust that "to raise a viable breach of contract claim under Virginia law, Plaintiff must demonstrate that she was injured by the breach."). Plaintiff merely makes conclusory legal statements that he is entitled to actual damages, but does not allege any facts making it plausible that he was injured by Defendants' breach.

Further, as Defendants argue, Plaintiff had knowledge of all the necessary facts well before the required notice periods. Accordingly, none of the alleged failures in notice would have been likely to cause injury to Plaintiff. The complaint illustrates that Plaintiff was aware of the alleged default on his loan at all relevant times. For instance, Plaintiff describes the lengthy procedural history of the attempts to foreclose on his house dating back several years. (*See* dkt. 1-1 at 5.) The litigation in these cases centered around whether the exact loan at issue here was in default, so Plaintiff must have had some notice that his lender considered the loan in default. More recently, Plaintiff sent a response disputing the default merely eleven days after the date of the notice of default that he allegedly did not receive, and months before the foreclosure sale occurred. (Dkt. 9-5.)

Plaintiff was also aware of the intent to foreclose and the identity of the foreclosing party. Plaintiff notified Defendants of an error in their notice of the foreclosure sale before the fourteen-day required notice period. In that letter, Plaintiff indicated that he had knowledge of the date of the proposed sale and the property involved, despite the error. (Dkt. 9-6.)

---

395, 634 S.E.2d 324, 327 (2006) Here, all the facts indicate that the contract was negotiated and formed in Virginia. Thus, Virginia law should apply to govern any breach of contract claims.

Additionally, two of Plaintiff's prior complaints acknowledge Pro Foreclosure as the substitute trustee, and Pro Foreclosure was listed as the substitute trustee on the first and second pages of the timely notice. (*See* dkts. 7-5 at 5, 49–50; 7-6 at 6, 49–50; 9-7 at 1, 2.) Thus, Plaintiff had actual knowledge of (1) the default, (2) the identity of the substitute trustee, and (3) the fact that the substitute trustee was seeking to execute a foreclosure sale on a certain date, all before the required noticing deadlines. Considering Plaintiff's awareness of all relevant facts, the Court cannot merely infer damage from a purely procedural breach of notice requirements. Therefore, Plaintiff has failed to state a claim for breach of contract under Virginia law.

### ii. Virginia Code § 55-59.1

Plaintiff's has similarly failed to state a claim for relief under Virginia Code § 55-59.1(A). (*See* dkt. 1-1, Claim 2.) Under § 55-59.1(A), "[t]he inadvertent failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party." While this Court lacks sufficient information to determine whether the failure to notice was actually inadvertent at this point in the litigation, it should be noted that some sort of intentionality is required for Plaintiff to ultimately prevail on this claim. *See Thorsted v. Chase Home Mortg. a/k/a Jpmorgan Chase Bank, N.A.*, No. 3:16-CV-00025, 2016 WL 2595118, at *2 (W.D. Va. May 5, 2016) ("Furthermore, to the extent Thorsted's action is based on accidental or inadvertent failure to give notice, he cannot proceed under Virginia law."); *Muncy v. Centex Home Equity Co.*, No. 1:14CV00016, 2014 WL 3359335, at *5 (W.D. Va. July 9, 2014) ("The plaintiffs do not allege an intentional failure to give notice, and in fact, the only defect in notice alleged—failure to identify the beneficiary—is not required by this provision.").

Even assuming that the failure of notice was intentional, Plaintiff does not sufficiently allege a theory of liability based on that violation. Plaintiff cites Virginia Code § 59.1-204 as the

basis for liability for the violation of § 55-59.1(A).[5] *See* Va. Code § 59.1-204 ("Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater. If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater."). However, §59.1-204 is completely unconnected to § 55-59.1, or to foreclosures in general. The "chapter" referred to in § 59.1-204 is Chapter 17 of the Virginia Code, relating to the Virginia Consumer Protection Act (VCPA). Section 55-59.1 falls under Chapter 4 of the Virginia Code, relating to deeds and covenant and other property issues. Therefore, a violation of § 55-59.1(A) is not "a violation of this chapter" under § 59.1-204 and does not create a cause of action for Plaintiff.

If § 59.1-204 does not create a cause of action, then Plaintiff has failed to state a claim under § 55-59.1(A), even if the failure of notice were not inadvertent. Section 55-59.1 itself does not create a cause of action for violations of notice requirements; it merely states what those requirements are. An alleged violation of § 55-59.1 must be accompanied by some theory of liability. *See Yerion v. Branch Banking & Trust Co.*, 27 F. Supp. 3d 677, 682–83 (E.D. Va. 2014) ("Plaintiff may cite § 55–59.1(A) *along with sufficient facts to plead a claim upon which relief may be granted* to survive dismissal.") (emphasis added). Such theories of liability might include "potentially viable causes of action under tort law for violating a duty owed to Plaintiff imposed by the law, such as a claim for fraud, conversion, trespass or negligence." *Id*. Here, however, Plaintiff has not alleged any cause of action that would give rise to liability. Nor has Plaintiff alleged facts that would serve as the basis for such causes of action. Thus, Plaintiff has failed to allege a theory of liability for violation of §55-59.1, and the motion to dismiss on this ground

---

[5]     The complaint actually cites "§55-59.1-204" as the basis for liability. This code section does not exist. However, the text cited by Plaintiff matches that of §59.1-204, so this Court will assume that was the intended code section.

9

will be granted. Plaintiff's claim will be dismissed without prejudice.

### b. Virginia Code § 18.2-178

Plaintiff asserts a claim under Virginia Code § 18.2-178, alleging that Defendants "misrepresented a specially endorsed note as a negotiable instrument with the intent to defraud Plaintiff of his property." (Dkt. 1-1, Claim 2(c).) *See* Va. Code § 18.2-178(A) ("If any person obtain, by any false pretense or token, from any person, with intent to defraud, money, a gift certificate or other property that may be the subject of larceny, he shall be deemed guilty of larceny thereof."). Plaintiff, however, alleges no specific facts to support this alleged fraud other than his previously rejected theory on the non-transferability of notes. Pleadings for fraud, such as this one, require a higher standard of pleading than ordinary claims. *See* Fed. R. Civ. Pro. 9(b). Here, Plaintiff has merely made a bald assertion that fraud occurred without any support other than the assertion of an invalid legal theory. Thus, Plaintiff has failed to allege sufficient facts to state a claim for relief under Virginia Code § 18.2-178. Further, Plaintiff appears to base his claim upon his previously rejected non-transferability of the note theory. *See Blick I*, at *17–18. Therefore, Plaintiff's claim will be dismissed with prejudice.

### c. Fair Debt Collection Practices Act Claims

Plaintiff brings two claims under the FDCPA. First, he alleges that Defendants failed to provide proof of claim within thirty days of his request for validation in violation of 15 U.S.C. § 1692g.[6] (Dkt. 1-1, Claim 3(a).) *See* 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector

---

[6]      There is no requirement that a debt collector must respond to a request for validation of a debt within thirty days. However, construing Plaintiff's *pro se* complaint liberally, he has still stated a basis for violation of the provision by alleging that Defendants never responded. *See* dkt. 1-1, at 4. *See infra* Part III.c.iii.b.

10

obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.") According to Plaintiff, violations occurred on August 14, 2015, and again on May 18, 2016, when Shapiro failed to reply to his letters requesting validation. (Dkt. 1-1 at ¶8.) Second, he alleges under 15 U.S.C. § 1692e that Defendants provided false or misleading statements with respect to the debt. (Dkt. 1-1, Claim 3(b).) *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). The only misrepresentation specified in the complaint is one made by SPS in an August 2, 2013 letter wherein they "misrepresented the validity of [the Note] as a negotiable instrument." (*Id*. at ¶6.) For these alleged violations, Plaintiff seeks civil and criminal liability under 15 U.S.C. § 1692(k) and 15 U.S.C. § 1611, respectively.

Defendants argue that several affirmative defenses prevent Plaintiff from asserting these claims. Most prominently, Defendants assert that Plaintiff's claims are barred by *res judicata* by virtue of his having brought virtually identical claims in *Blick I, II,* and *III*. Defendants reason that the current complaint is "predicated upon the same legal theories . . . referencing the same allegations . . . that were dismissed in *Blick I, II,* and *III*." (Dkt. 7 at 7.) Defendants also argue that Plaintiff's claims are barred by the two-year statute of limitations for fraud because Plaintiff is still essentially alleging fraud from the conduct that gave rise to *Blick I*.[7]

Additionally, Defendants argue that the FDCPA does not apply to several of the Defendants because they are not "debt collectors." Defendants claim that neither SPS nor Professional Foreclosure are debt collectors because both are collecting pursuant to a "bona fide fiduciary obligation" within the meaning of 15 U.S.C. § 1692a(6)(F)(i). Plaintiff, however,

---

[7]     Defendant's memorandum in support (dkt. 9) states in the header for the statute of limitations section that "all" claims are barred. However, the text of the section only mentions "counts of fraud and misrepresentation in the guise of debt collection violations." Regardless, the Court concludes that the fraud statute of limitations defense would not be applicable to any claim in this case in Part III.c.ii, *supra*.

11

argues that SPS is a debt collector because the loan was in default at the time it took over servicing of the loan. *See* 15 U.S.C. § 1692a(6)(F)(ii) ("The term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtains by such person . . . ."). Plaintiff also argues that Pro Foreclosure is a debt collector, but does not provide relevant legal authority to support that position. The parties do not contest that Defendant Shapiro & Brown LLC is a debt collector under the FDCPA.

### *i.* *Res Judicata*

Turning first to *res judicata*, this Court must apply Virginia law on *res judicata* because the original case (*Blick I*) was tried in Virginia under diversity jurisdiction. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006). In Virginia, *res judicata* is governed by Rule 1:6 of the Rules of the Supreme Court of Virginia, which provides that:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Under the Rule 1:6 same "conduct, transaction, or [] occurrence" test, the Defendant must show that "(1) there was a prior claim for relief decided on the merits by a valid and final judgment; (2) the parties are identical or in privity with each other; and (3) the claim made in the later suit arises from the same conduct, transaction, or occurrence as the claim in the first suit." *Blick III*, at *3; s*ee also Lee v. Spoden*, 290 Va. 235, 247–50 (2015) (analyzing a Rule 1:6 question under the three-step framework.) Here, *Blick I* was clearly decided on the merits, as this Court

dismissed all claims with prejudice and was upheld by the Fourth Circuit. *See Blick I* at *20-21.

The second prong, privity, is a closer question. "The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (Va. 2001) (citations omitted). "Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership." *Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust*, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011). Further, "it is generally held that 'privity' means a mutual or successive relationship to the same rights of property." *Nero v. Ferris*, 222 Va. 807, 813 (1981).

The question for this prong is whether each of the three defendants is in privity with the prior loan servicer (JP Morgan) and substitute trustee (Deutsche) that were defendants in the *Blick I* suit. Mortgage servicers such as SPS have been considered in privity with lenders in similar suits challenging foreclosures. *See Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000), *aff'd*, 229 F.3d 1141 (4th Cir. 2000); *Jones v. First Franklin Loan Servs.*, No. 3:10-CV-360-FDW-DSC, 2011 WL 972518, at *5 (W.D.N.C. Mar. 15, 2011). The rights of JP Morgan challenged in *Blick I* is a right currently held by its successor, SPS. Namely, JP Morgan successfully defended SPS's right to collect on the Note by defeating Plaintiff's various claims in *Blick I*. If JP Morgan had not successfully litigated that issue, SPS today would not have the right to service the loan today. Thus, JP Morgan defended SPS's legal right in the *Blick I* litigation and the two may be considered in privity.

As to Pro Foreclosure, Courts have also held that substitute trustees may be considered in privity with prior trustees. *See Hasan v. Friedman & MacFadyen*, P.A., No. CIV.A. DKC 11-

13

3539, 2012 WL 3012000, at *7 (D. Md. July 20, 2012). The right of a substitute trustee such as Pro Foreclosure to initiate foreclosure on the Property is the same right that was litigated by Deutsche in *Blick I*. Therefore, Deutsche's litigation of the right in *Blick I* was a "representation of the other's legal right" such that Pro Foreclosure and Deutsche are in privity. *Smithfield Foods, Inc.*, 261 Va. at 214.

There is no indication, however, that Shapiro can be considered in privity with either of the *Blick I* defendants. The allegation against Shapiro – that it failed to respond to Plaintiff's validation request – involves conduct unconnected to a right that JP Morgan or Deutsche would have been able to assert. Thus, while SPS and Pro Foreclosure may be considered in privity with JP Morgan and Deutsche, respectively, Shapiro cannot.

The third requirement of *res judicata* — that Plaintiff's claim arises from the same conduct, transaction or occurrence — is not satisfied in this case. The conduct at issue in *Blick I* was the transfer of the Note and subsequent attempts to foreclose after default on the loan. At issue here is an entirely separate and distinct transfer of the note and new attempt to foreclose on the Property. Because they stem from independent conduct, it would be consistent if JP Morgan's and Deutsche's actions were not in violation of the FDCPA while SPS's and Pro Foreclosure's were. Even though the parties may be in privity with respect to rights litigated in *Blick I*, such privity does not shield the current parties from liability stemming from conduct that occurred well after the first litigation was decided. The parties could not have litigated the FDCPA allegations at issue here in *Blick I* because the conduct that forms the basis of the claims had not yet occurred. Thus, *res judicata* does not apply to bar Plaintiff's FDCPA claims.

The failure to validate debt claims under § 1692g also do not arise from the same transaction or occurrence at issue in *Blick I*. While Plaintiff is asserting a statutory claim also

Case 3:16-cv-00070-NKM-JCH   Document 12   Filed 12/02/16   Page 14 of 20   Pageid#: 492

brought in *Blick I*, he is basing it off of entirely separate conduct in this case. It is logically consistent for there to have been no violation of § 1692g in *Blick I*, and simultaneously a violation of the statute in this case. *Res judicata*, therefore, does bar any claims in the present controversy.

### ii.   Statute of Limitations

Defendants assert the two-year statute of limitations for fraud under Virginia Code § 8.01-243(A) as a defense to all of Plaintiff's claims, claiming that Plaintiff is essentially reasserting the fraud from *Blick I* that took place in 2011. However, Defendants inaccurately gloss over the substance of Plaintiff's complaint by characterizing it in this manner. Plaintiff is not merely reasserting the claims of *Blick I* from 2011. The events that Plaintiff alleges give rise to liability include: (1) letters exchanged in 2015 and 2016; (2) attempting to foreclose on his property and sell it at auction in June of 2016; and (3) other, unspecified fraudulent conduct. Plaintiff is alleging the same legal theories as *Blick I*, but bases them now on conduct which took place much more recently. Therefore, even if a two-year statute of limitations were applicable, the conduct giving rise to liability occurred well within its window. Thus, Plaintiff's claims cannot be dismissed on the basis of a two-year statute of limitations defense.

However, the one-year statute of limitations for FDCPA claims may apply to bar Plaintiff's misrepresentation claim under § 1692e. *See* 15 U.S.C. § 1692k(d) (providing a one-year statute of limitations starting from the date of the violation of the statute). From Plaintiff's statement of facts, the only apparent allegation of misrepresentation comes from an August, 2013 letter. (See dkt. 1-1, at 5 ("[N]o further endorsement to the Blick/Conroy Note was entered . . . thus misrepresenting the validity of said instrument as a negotiable instrument.")) Although a FDCPA claim does not accrue until "the plaintiff knows or has reason to know of the injury

which is the basis of the action," Plaintiff surely was aware of the potential injury as soon as he received the letter because he had previously litigated (in *Blick I*) FDCPA violations from functionally identical communications by a similar defendant. *Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013). If the sole misrepresentation alleged under the FDCPA is a representation in a letter sent over three years ago, the misrepresentation claim must be barred by the applicable one-year statute of limitations.

### iii. Failure to state a claim

#### a. 15 U.S.C. § 1692e

Even if Plaintiff's claim under 15 U.S.C. § 1692e is not otherwise barred, he has failed to state a claim against any defendant under the statute. Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud." *See Dealers Supply Co. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) ("Courts have been quick to reject pleadings in which multiple defendants are lumped together and in which no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made . . . ."); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999) ("[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)."). Here, Plaintiff has only alleged that "Defendants provided false and misleading representations as to the debt outstanding and misrepresented Plaintiff's specially endorsed note as a bearer instrument." Defendants have failed to specify which defendants made false representations, what those representations were, when the representations were made, how the representations were made, and why the representations were false.

Additionally, the vague basis for Plaintiff's misrepresentation claims appears to be the

same non-transferability of the Note legal theory rejected in *Blick I*.[8] Further, to the extent that Plaintiff does allege a specific misrepresentation (the 2013 SPS letter), it is clearly barred by the applicable one year FDCPA statute of limitations. Plaintiff, therefore, has presented no legal basis on which to base his claim for a violation of § 1692e. Thus, Plaintiff's claims under 15 U.S.C. § 1692e will be dismissed with prejudice.

### b. 15 U.S.C. § 1692g

Claims under § 1692g against SPS or Pro Foreclosure are not adequately pled. Plaintiff does not allege that either of those parties failed to adequately respond to a request for validation of his debt, and thus it is unclear on what ground he would base a §1692g claim. The only mention of activity that could give rise to a violation of the statute is the failure to respond to a request for validation found in letters sent only to Shapiro. Thus, to the extent Plaintiff alleges claims under § 1692g against SPS and Pro Foreclosure, they will be dismissed without prejudice.

On the other hand, Plaintiff has sufficiently pled a claim for violation of 15 U.S.C. § 1692g(b) by Shapiro. Plaintiff described and attached as an exhibit a letter to Shapiro requesting validation of the debt. (Dkt. 9-5). Plaintiff further alleges that Shapiro failed to respond to this letter. (Dkt. 1-1 at 4, 8). Additionally, the facts demonstrate that Shapiro took debt collection actions subsequent to Plaintiff disputing the debt by going through the foreclosure process. *See Townsend v. Fed. Nat. Mortg. Ass'n*, 923 F. Supp. 2d 828, 840 (W.D. Va. 2013) ("I find that the plain meaning of that phrase must mean that a creditor cannot take action, in this case foreclosure, that would result in the collection of the debt, until it has satisfied the prerequisites imposed by the statute."); *McCray v. Fed. Home Loan Mortg. Corp.*, No. 15-

---

[8]     *Compare* dkt. 1-1, at 9 ("Defendants . . . misrepresented Plaintiff's specially endorsed note as a bearer instrument."), *with* Blick I, at *17–18 ("Moreover, as other courts have made clear, *the holder of a blank-indorsed note like the one at issue* can enforce the note pursuant to the deed of trust, and is therefore entitled to foreclose on the property.") (emphasis added).

17

1444, 2016 WL 5864509, at *4 (4th Cir. Oct. 7, 2016) (Defendants' foreclosure actions "were taken in connection with the collection of a debt or in an attempt to collect a debt"); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) ("We hold that Defendants' foreclosure action was an attempt to collect a 'debt' . . . ."). Plaintiff has pled facts indicating that he disputed his debt, but did not receive any response before debt collection activities continued, and thus has stated a claim for relief under 15 U.S.C. § 1692g(b).

The parties also contest whether SPS or Pro Foreclosure are debt collectors within the meaning of the FDCPA. The Court, however, need not resolve this question at this time. As described above, Plaintiff has failed to sufficiently plead a claim against any party under § 1692e because his complaint lacks detail with respect to this claim. Further, it is not clear that Plaintiff attempts to bring a claim under § 1692g against any party except Shapiro. Even if Plaintiff purports to bring a § 1692g claim against SPS and Pro Foreclosure, he has failed to adequately state a claim against either defendant, as he fails to specify when or how they violated the statute. Thus, Plaintiff fails to state a claim against either SPS or Pro Foreclosure under the FDCPA regardless of whether they are "debt collectors."

### d. 15 U.S.C. § 1611

Plaintiff also seeks criminal liability for Defendants' alleged FDCPA violations under 15 U.S.C. § 1611. (Dkt. 1-1, Claim 3(d).) However, "15 U.S.C. § 1611 is a criminal statute that does not provide for civil remedies." *Timm v. Wells Fargo Bank, N.A.*, No. CV158363MASTJB, 2016 WL 5852848, at *3 (D.N.J. Sept. 29, 2016); *see also id.* ("Because this statute does not provide a private civil right of action, Plaintiff's demand for criminal liability in Count Five is also dismissed."); *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 626 F.

App'x 935 (11th Cir. 2015); *Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-CV-13419, 2013 WL 5913684, at *13 (E.D. Mich. Nov. 1, 2013), *aff'd* 6th Cir. 14-1700 (Mar. 16, 2015); *see generally Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, Plaintiff cannot state a claim under this statute and his claims will be dismissed with prejudice.

## IV.    Conclusion

Plaintiff has put forth myriad legal theories challenging the validity of Defendants' actions with respect to the foreclosure of his property. All but one of these claims must be dismissed. Plaintiff's breach of contract claims must be dismissed because he failed to allege any damages stemming from the lack of notice. Plaintiff has also failed to state a claim under Virginia Code § 55-59.1 because he has not stated a theory on which Defendants might be held liable for their alleged violations. Plaintiff's claim under Virginia Code § 18.2-178 must also be dismissed because he alleges no facts to support his fraud allegation and basis his claim on an invalid legal theory. Similarly, Plaintiff's FDCPA claim under § 1692e should be dismissed because Plaintiff has failed to provide any details about the alleged false or misleading statements that occurred, and certain claims are barred by a statute of limitations defense. Plaintiff's FDCPA claim under § 1692g should be dismissed with respect to Defendants SPS and Pro Foreclosure because there are no allegations that they failed to respond to a request for validation of his debt. Finally, there is no civil cause of action for Plaintiff to bring under 15 U.S.C. § 1611.

Thus, the only surviving claim is Plaintiff's claim for violation of § 1692g by Defendant Shapiro & Brown, LLC. Plaintiff has adequately stated a claim that Shapiro failed to validate his debt, and none of Defendant's attempted affirmative defenses apply to bar this claim.

An appropriate order will issue.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion

to all counsel of record and to the *pro se* Plaintiff.

Entered this ___2nd___ day of December, 2016.


NORMAN K. MOON
UNITED STATES DISTRICT JUDGE