IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HAROLD BLICK,<br><br>                       *Plaintiff,*<br><br>       v.<br><br>SHAPIRO & BROWN, LLP,<br>PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA,<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>                       *Defendants.* | 3:16-CV-00070<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

Plaintiff has moved this Court to grant him leave to amend his complaint after most of his claims were dismissed upon Defendant's prior motion. However, Plaintiff fails to remedy the flaws in his complaint that caused those claims to be dismissed in the first place. Plaintiff's amended complaint, therefore, fails for the largely same reasons that his claims were previously dismissed. While this Court must freely grant amendment if justice so requires, it will not do so when such amendment would be futile. Accordingly, Plaintiff's motion to amend will be denied.

I. **Background**

    a. **Facts as Alleged**

This controversy stems from the foreclosure sale of Plaintiff's property located at 6525 Dick Woods Road, Charlottesville, Virginia ("the Property"). (Dkt. 15 at 5.) Plaintiff and his then wife obtained a loan in 2005 secured by a Deed of Trust on the Property ("Deed of Trust"). (*Id.*) In 2013, servicing on the loan associated with the Deed of Trust was transferred to Select Portfolio Servicing, Inc. ("SPS"). (*Id.*) Professional Foreclosure Corporation of Virginia ("Pro Foreclosure") is the substitute trustee for the Property, which gives it the right to foreclose upon

1

the Property in the event of a default. (*Id.*) Shapiro & Brown LLC ("Shapiro") is a law firm associated with Pro Foreclosure that was retained with respect to enforcement of the Deed of Trust on the Property. (*Id.*) Deutsche Bank National Trust Company ("Deutsche") is a prior trustee for the Property. (*Id.*)

A series of letters creates the basis of Plaintiff's claims. On August 2, 2013, Plaintiff received a letter from SPS in response to his request for validation of the debt associated with the Deed of Trust. (*Id.* at 6.) Because the copy of the original promissory note ("Note") attached to the response letter contained a specific endorsement to the Long Beach Mortgage Company ("Long Beach") – and no further endorsements – Plaintiff contends that later holders of the Note other than Long Beach cannot enforce it against him. (*Id.*) Plaintiff also alleges he never received the notice of default required under the Deed of Trust, because notice was sent to his former wife but not to him on August 3, 2015. (*Id.*) However, eleven days later, Plaintiff sent a letter to Shapiro in which he explicitly responded to the August 3rd letter and disputed the validity of the debt. (*Id.*) Shapiro never responded to this request for validation (*Id.* at 7.) On May 11, 2016, Shapiro sent a letter to Plaintiff notifying him of the foreclosure sale on the Property by Pro Foreclosure scheduled for June 6, 2016. (*Id.*) However, on its last two pages, the letter mistakenly described a different property and different substitute trustee. (*See* dkt. 9-7.) After Plaintiff wrote complaining of this discrepancy, Shapiro sent another notice dated May 23, 2016, but which was sent on May 24th and did not reach Plaintiff until May 27th. (*See* dkt. 9-13.) Pro Foreclosure sold the Property at auction on June 6, 2014. (Dkt. 15 at 7.)

### b. Prior Proceedings

The present litigation is the fourth in a series of cases that Plaintiff has brought seeking to

invalidate the foreclosure and sale of the Property.[1] Additionally, Plaintiff brought two similar cases related to the foreclosure of his adjacent property.[2] Because *res judicata* is applicable to several of Plaintiff's claims, a review of the prior proceedings is prudent.

In *Blick I*, Plaintiff brought four claims against two defendants: (1) to quiet title on the property; (2) improper foreclosure on the property because he had not been shown the original Note, and because the Note had been improperly securitized; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (4) derogatory reporting of debt to credit agencies under the Fair Credit Reporting Act ("FCRA"). *Blick I* at *2. The claims were brought against mortgage servicer JP Morgan Chase, N.A. ("JP Morgan") and substitute trustee Deutsche. *Id.* at *1–2. Ultimately, this Court rejected Plaintiff's core theory that transfer of a note and inability to produce the original note invalidated the foreclosure, and was subsequently affirmed by the Fourth Circuit. *See* 475 F. App'x 852 (4th Cir. 2012).

In *Blick II*, Plaintiff brought similar claims against the trust itself, rather than the trustee that was sued in *Blick I*. *See Blick II* at *3. This Court held that all claims were barred by *res judicata*. *Id.* at *12. Applying the relevant Virginia factors, this Court found that the trust and trustee were in privity for purposes of *res judicata*, and that all claims brought in *Blick II* could have been brought in the earlier action. *Id.* at *9. Again, the Fourth Circuit affirmed. *See* 539 F.

---

[1] *Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012), *aff'd*, 475 F. App'x 852 (4th Cir. 2012) [hereinafter "*Blick I*"]; *Blick v. Long Beach Mortgage Loan Trust 2005-WL3*, No. 3:13-cv-00002, 2013 U.S. Dist. LEXIS 46442 (W.D. Va. Mar. 29, 2013), *aff'd*, 539 F. App'x 126 (4th Cir. 2013) [hereinafter "*Blick II*"]; *Blick v. Deutsche Bank Nat. Trust Co.*, No. 3:14-CV-00022, 2014 WL 4052820 (W.D. Va. Aug. 15, 2014), *aff'd*, 591 F. App'x 231 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 114 (2015), *reh'g denied,* 136 S. Ct. 575 (2015) [hereinafter "*Blick III*"].

[2] *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 F. App'x 932 (4th Cir. 2012), and then in a second action on res judicata grounds. *Blick v. Soundview Home Loan Trust 2006-WF1*, No. 3:12-cv-00062, 2013 U.S. Dist. LEXIS 4186 (W.D. Va. Jan. 10, 2013), *aff'd*, 521 F. App'x 207 (4th Cir. 2013).

App'x 126 (4th Cir. 2013).

In *Blick III*, Plaintiff brought another claim against Deutsche, alleging that invalid documents submitted in the *Blick I* litigation constituted fraud. *Blick III* at *1. This Court dismissed the claims upon the defenses of *res judicata* and statute of limitations. *Id*. at *7. Under the statute of limitations analysis, the dispositive factor was that the claim accrued when the allegedly fraudulent document was submitted to the court more than two years prior. *Id*. at *5.

Finally, in an Order and Memorandum Opinion on December 2, 2016, I dismissed all but one of Plaintiff's claims in the current litigation. (Dkts. 12, 13). Plaintiff's breach of contract claims were dismissed without prejudice because he failed to allege any damages resulting from the breach. Plaintiff's claims under Virginia Code § 18.2-59.1 were dismissed with prejudice because they relied on a legal claim that this Court previously rejected in *Blick I*. Plaintiff's claim under 15 U.S.C. § 1692e was dismissed without prejudice because Plaintiff did not specify the nature of the misrepresentations made. His claim under 15 U.S.C. 1692g was adequately pled and is currently being litigated before this court.

## II. Standard of Review

This matter is before the Court upon Plaintiff's motion for leave to amend his complaint. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be given "freely . . . when justice so requires." Accordingly, leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to

4

Case 3:16-cv-00070-NKM-JCH   Document 16   Filed 01/05/17   Page 4 of 11   Pageid#: 571

satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Accordingly, this Court will evaluate the futility of this motion under the Rule 12(b)(6) standard.

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**III. Discussion**

    **a. Count I – Fraud and Misrepresentation Under Virginia Code § 18.2-178[3]**

        **i. Against Deutsche Bank National Trust Company**

Plaintiff attempts to assert a fraud claim against Deutsche, alleging that it is responsible for the wrongful misrepresentation of the Note as a negotiable bearer instrument. (Dkt. 15 at 13.) Instead, Plaintiff alleges, it was specially endorsed to Long Beach Trust Company ("Long

---

[3] The Court construes Plaintiff's claim that "Defendants actions violate Virginia's Code § 8.3A-205(a) as being subsumed within Plaintiff's § 18.2-178 claim. (See Dkt. 15 at 13.) That is, it appears Plaintiff is using § 18.2-178 as a cause of action to enforce the violation of §8.3A-205(a)'s distinction between special and blank endorsements. However, to the extent Plaintiff alleges § 8.3A-205(a) as a separate cause of action, it would fail for the same reasons as his § 18.2-178 claim.

Beach"), and only that organization – or one to which it endorsed the Note – could initiate foreclosure on the Property for default on the Note. (*Id*. at 14.) Further, Plaintiff alleges that Long Beach has not endorsed the Note to any other party, and thus the debt is only payable to Long Beach and not to the Defendants that foreclosed on the Property. (*Id*.) This claim, however, is barred by *res judicata*, specifically, issue preclusion.

This Court must apply Virginia law on *res judicata* because the case on which preclusion is based (*Blick I*) was tried in Virginia under diversity jurisdiction. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006). Under Virginia law, *res judicata* consists of both claim preclusion and issue preclusion. *Lee v. Spoden*, 290 Va. 235, 245 (2015). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (internal quotation marks omitted). "Issue preclusion, on the other hand, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id*. (internal quotations omitted).

In *Blick I*, Plaintiff brought a similar challenge to the negotiability of the same note. In deciding that issue in favor of Deutsche, this Court stated that there existed valid successors-in-interest to Long Beach that could possess and enforce the Note. *See Blick I* at *4 (JP Morgan Chase . . . as Successor-in-Interest to Washington Mutual Bank . . . *as Successor in Interest to Long Beach Mortgage Company . . . .*")(emphasis added); *id*. at *14 ("[T]he note then founds its way to Deutsche Bank National Trust Company.") Further, this Court stated that the Note was "blank-indorsed" and that its holder could "enforce the note pursuant to the deed of trust, and is therefore entitled to foreclose on the property." *Id.* at *17. Here, by contrast, Plaintiff is asking this Court to rule that the Note is not blank-indorsed, and that Long Beach is the only legitimate

6

holder of the Note that could foreclose on his property. Plaintiff is thus asking this Court to reverse its own prior conclusion on an issue that was litigated and won by Deutsche in *Blick I*. Allowing such a claim would not be permissible under the doctrine of issue preclusion. Thus, Plaintiff's claim is barred by *res judicata* and is futile.

### ii. Against All Other Defendants

In my order on Defendant's motion to dismiss, I ordered that claims against the original defendants under Virginia Code § 18.2-178 be dismissed with prejudice. Plaintiff here has reasserted the same claim that was dismissed, that a fraud was committed by virtue of Defendants' representation of the Note as a negotiable bearer instrument. Accordingly, a motion to amend the complaint to reassert those same claims would be barred by the law of the case doctrine and futile under Rule 15. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (law of the case doctrine). Further, Plaintiff does not state a fraud claim with sufficient specificity, claiming only that Shapiro, SPS, and Pro Foreclosure "were complicit in committing fraud and misrepresentations" against him, but not stating facts to support that contention. (Dkt. 15 at 14.) The only facts stated that might support fraud are those asserting that the Note was specially endorsed to Long Beach and not endorsed to any other party thereafter. As noted above, this factual issue was already decided against Plaintiff in *Blick I* and cannot be re-litigated here. For these reasons, the motion to amend to add this claim would be futile and will be denied.

### b. Count II – Breach of Contract

### i. Against Shapiro

Plaintiff asserts a breach of contract claim, claiming that Defendant Shapiro failed to give him a 30-day pre-acceleration notice or a full and complete accounting of the debt, as required by the terms of the Deed of Trust. (Dkt. 15 at 14–15.) Under Virginia law, a claim for breach of

7

contract must allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) defendant's breach or violation of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *O'Connor v. Sand Canyon Corp.*, No. 6:14-CV-00024, 2014 WL 4983487, at *5 (W.D. Va. Oct. 6, 2014) (citing *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009)). Attempting to amend the deficiencies of his original complaint, Plaintiff claims that the breach caused him damages in the form of the loss of his home and other, unspecified harm. (Dkt. 15 at 15.) However, as reasoned in the December 2, 2016 Memorandum Opinion, Plaintiff must state facts to describe *why* the alleged breaches caused the loss of his home. (*See* dkt. 12 at 8); *see also O'Connor,* 2014 WL 4983487 at *5 ("Because there are no facts indicating a causal connection between Defendants' breach and the loss of Plaintiff's property, I will dismiss Count Five of Plaintiff's complaint . . . .").

Plaintiff does not allege that he did not default on his loan, or that he would have been able to repay the loan had he been given more notice or a full accounting. Nor do any of the facts alleged suggest a causal connection between the alleged breaches and the loss of his home. From the facts alleged, the loss of the home appears caused by Plaintiff's default on the Note, and not by a failure of notice. While the Court must make reasonable inferences in interpreting the complaint, *Iqbal*, 556 U.S. at 678, it is too large a leap to infer that the failure to give timely notice of default here caused the loss of the house, particularly when actual notice was obtained eleven days later and several months elapsed before the Property was sold at auction.[4] Absent the allegation of some facts plausibly connecting the breach and loss of the Property at auction, Plaintiff has failed to state a claim for breach of contract and his motion to amend must be denied.

---

[4] Plaintiff himself alleges actual notice in that he alleges he responded to the required notice eleven days after it was sent to his former wife. (Dkt. 15 at 5.)

### ii. Against All Other Defendants

Plaintiff attempts to extend his claim against Shapiro against the other Defendants as well, arguing that they "conspired" to breach the rights allegedly breached by Shapiro. The bald assertion of conspiracy is insufficient to plead a case in federal court. Further, any liability of the other Defendants is predicated on the existence of a valid claim against Shapiro, which, as discussed above, is not adequately pled. Therefore, Plaintiff's claim would be futile and will not be allowed to be added via the amended pleading.

### c. Count III – Fair Debt Collection Practices Act

#### i. 15 U.S.C. § 1692g(b)

Plaintiff's attempt to reassert his § 1692g(b) claim serves no legal purpose, and granting it would not be required to advance the cause of justice. *See* Fed. R. Civ. Pro. 15(a)(2). Plaintiff's § 1692g(b) claim was properly pled in his prior complaint and is currently pending before this Court. His current formulation makes only minor changes to the wording of the prior claim, and does not meaningfully alter its substance. Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). Allowing Plaintiff's to amend solely to reassert a claim already properly before this Court, therefore, will not be permitted.

#### ii. 15 U.S.C. § 1692e

Plaintiff attempts to reassert his claim under § 1692e that Shapiro made a false or misleading statement in connection with the collection of a debt. Plaintiff, however, fails to specify the false or misleading statement made by Shapiro. The only conduct mentioned by Shapiro in connection with this claim is Shapiro's failure to respond to Plaintiff's letters. That failure to respond is relevant to the § 1692g claim, but not the § 1692e one at issue. Further, the

9

only potential misrepresentation that could be inferred from the complaint is Plaintiff's non-negotiability of the Note theory, rejected in *Blick I*. Thus, Plaintiff has failed to state a claim under § 1692e with sufficient specificity and the motion to amend to allow this claim will be denied.

**IV.     Conclusion**

Outside of the FDCPA claim already pending before this Court, Plaintiff's amended complaint does not adequately state a claim, and he will not be permitted to add it to this litigation. Viewed broadly, Plaintiff is essentially asserting two new harms, neither of which amounts to a legal claim. First, he asserts that a fraud has been committed on him by virtue of parties other than Long Beach representing that they could initiate foreclosure on the Property based on the Note. Claims based on this theory are barred by *res judicata*, as this Court has already held that the Note was blank-indorsed and enforceable by parties other than Long Beach. Second, Plaintiff asserts that failures to comply with the notice requirements of the Deed of Trust constituted a breach of contract that caused him to lose his house at the foreclosure action. However, Plaintiff has not adequately alleged a causal connection plausibly suggesting how the failure in notice caused the loss of his home. Finally, Plaintiff's revised FDCPA claim under 15 U.S.C. § 1692g(b) does not perceptibly alter the litigation, and this Court will exercise its discretion to deny its amendment. Thus, Plaintiff's motion to amend will be denied. An appropriate order will issue.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to counsel for the Defendants and to the *pro se* Plaintiff.

Entered this  5th  day of January, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE