

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

HAROLD BLICK, Pro Se )
                Plaintiff, )
V. ) Case No. 3:16-cv-00070
)
DEUTSCHE BANK NATIONAL TRUST CO., as TRUSTEE)
For LONG BEACH MORTGAGE LOAN TRUST 2005-WL3)
and )
SHAPIRO & BROWN, LLP )
                Defendants )

## MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure who moves the Court for entry of summary judgment on the issues of violation of the Fair Debt Collection Practices Act – 15 U.S.C. § 1692g(b) and breach of contract for violation of the Deed of Trust ("DOT"). Defendants admit or failed to deny Plaintiff's allegations and failed to offer any material fact nor contradicting evidence of said violations. Therefore, there are no genuine issues outstanding and Plaintiff is entitled to a judgment as a matter of law.

Violation of the Fair Debt Collections Act – 15 U.S.C. § 1692g(b)
Against Shapiro & Brown LLP. - failure to validate debt

1. On August 3, 2015 S&B sent a collection letter marked "NOTICE REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692. ET SEQ" addressed to Plaintiff's ex-wife (Amended Complaint, Ex. 4).

2. On August 14, 2015, Plaintiff, as sole property owner, disputed the debt and requested validation to include an accounting from inception (Am. Cmplt., Ex. 5).

1

3. On May 10, 2016 Plaintiff became aware that a Trustee's Sale for his property was to occur on June 6, 2016 and again wrote S&B disputing debt and again requested validation (Amended Complaint, Ex. 6)

4. On June 6, 2016, without validating debt, S&B sold Plaintiff's property.

5. S&B failed to validate debt but proceeded to foreclose without complying with statutory prerequisite 15 U.S.C. § 1692g(b), which states,

> "Disputed Debts - If the consumer notifies the debt collector in writing within the thirty-day period ... that the debt, or any portion thereof, is disputed ... the debt collector shall cease collection of the debt ... until the debt collector obtains verification of the debt, or any portion of the debt thereof ...".

6. On May 25, 2017 Plaintiff was served with S&B's *Responses and Objections to Plaintiff's First Set of Discovery Requests* in which S&B admit intentional disregard of statutory prerequisites before foreclosing and admit failure to validate debt stating, "... Shapiro directs plaintiff to the note in the possession of DBNTC that is endorsed in blank on the back of the last page of the note, which is established by res judicata, and under the law of Virginia there is no further evidence needed for DBNTC to enforce the note" (Exhibit 1, p. 7, Ans. to Req. for Production #1).

7. On August 10, 2017, Plaintiff was served with DBNTC's *Responses and Objections to Plaintiff's First Set of Discovery Requests to DBNTC as Trustee* in which DBNTC restate above answer number 6; then add and admit subject note was transferred. (Dkt. 43, *Mo. For Continuance*, Ex. 1.2, Ans. No. 1).

8. In this separate and distinct transfer and new attempt to foreclose, S&B admits not having produced the purported Note nor evidence proving possession of

2

it. In fact, S&B admits only having produced an illegible copy of alleged last page of the Note reversed upside down with a manipulated superimposed unrelated endorsement stamped across it thereby failing to validate the debt. (Dkt. 37 & 38)

9. On January 16, 2018, Plaintiff received *Defendants' Response To Request For Admissions* which attempts to deflect failure to validate debt. S&B mock Plaintiff and this Court by using this Court's own determination stating, "S&B objects to this request as being phrased as a question and nonsensical as written with the phrase 'this separate and distinct transfer and new attempts to foreclose' and, therefore, the request is denied." (Ex. 2, p. 2, Response #1 contradicting Memo. Op., Dkt. 12, p 14, ¶ 3.)

10. S&B took debt collection actions subsequent to Plaintiff disputing the debt by continuing on to foreclosure. *See Townsend v. Fed. Nat. Mortg. Ass'n,* 923 F. Supp 828, 840 (W.D. Va. 2013) ("I find that the plain meaning of that phrase must mean that a creditor cannot take action, in this case foreclosure, that would result in the collection of debt, until it has satisfied the prerequisites imposed by statute.") *McCray v. Fed. Home Loan Mortg. Corp.,* No. 15-1444, 2016 WL 5864509, at *4 (4th Cir. Oct. 7, 2016) (Defendants; foreclosure actions "were taken in connection with the collection of a debt or in an attempt to collect a debt".)

11. Plaintiff has pled facts admitted by Defendants that demonstrate he did dispute the alleged debt but did not receive any response before debt collection activities continued. In fact, "Plaintiff argues that the omission to provide such information was intentional and part of DBNTC's plan to obfuscate discovery of

misapplied loan payments, principal reductions, insurance premium overcharges and other bogus charges." (Dkt. 19, *Mo. to Reconsider Amend. Complt.*, p. 5, ¶ 3).

12. Therefore, a reasonable jury would find no material fact nor contradicting evidence to dispute Plaintiff's allegation that Defendants failed to validate purported debt prior to initiating foreclosure.

### Breach of Contract – violation of Deed of Trust
### Against DBNTC as Trustee for LBMLT 2005-WL3

13. Under Virginia law a borrower on a home mortgage may sue for breach of contract if the lender initiates foreclosure without complying with contractual predicates to foreclosure found in the DOT. *See Bayview Loan Servicing, LLC v. Simmons*, 275 Va. 114 (2008); *Matthews v. PHH Mortgage Corp.*, 283 Va. 723 (2012).

14. Here, Plaintiff alleges that: (i) DBNTC as purported noteholder; (ii) failed to apply undisbursed fire loss proceeds to sums secured by the Security Instrument; (iii) failed to provide pre-acceleration notice prior to foreclosure as required under the DOT; (iii) foreclosed on the property while in breach of the DOT's contractual obligations and that (iv) damages resulted to Plaintiff.

15. Plaintiff restates paragraphs 1 – 12.

### Breach of Contract - Violation of Deed of Trust - paragraph 11
### Failed to apply undisbursed fire loss proceeds to sums secured by the Security Instrument

16. On April 10, 2017 Defendants received Plaintiff's *First Set of Interrogatories and Requests for Production of Documents* requesting a full and complete accounting, among other things.

17. Defendants texted another incomplete accounting on the afternoon prior to

4

November 15, 2017's Court scheduled morning telephone conference to address Plaintiff's second *Motion to Compel* production of a full accounting. More than (7) seven months had elapsed since discovery requests were served but Defendants showed bad faith by failing to comply with Court Order to produce - failing to account for fire loss proceeds. (Exhibit 3, Dkt. 33 & 34)

18. On November 15, 2017, in *Plaintiff's Reply to Defendants' Opposition to Motion for Partial Summary Judgment* Plaintiff stated, "As to the material facts in dispute, Defendants provided Bates pages 1327 and 1328, which confirm Defendants' receipt of fire loss payment totaling $560,269.80. But Plaintiff did not restore subject residence." (Dkt. 64, p. 2, ¶ 1.)

19. On January 16, 2018 in *Defendants' Response to Request for Admissions* as to Request No. 2, S&B and DBNTC:

   a. admit receipt of such miscellaneous fire loss proceeds;

   b. do not deny that subject property was not restored; and

   c. do not deny that such monies remain unapplied. (Exhibit 2.)

20. In said Response No. 2, Defendants do not deny unapplied fire loss proceeds nor provide any material fact nor contradicting evidence as to disbursement. Instead, Defendants mock Plaintiff to deflect breach of DOT paragraph 11 for failing to apply above fire loss proceeds to the sums secured by the Security Instrument:

> "Response: S&B and DBNTC object to this request as being phrased as a question and nonsensical as written as it conflates loan payment history with fire loss insurance whose purpose is to repair the fire damage and, therefore, the request is denied." (Exhibit 2.)

21. Therefore, a reasonable jury would find no material fact nor contradicting

5

evidence to dispute Plaintiff's allegation that Defendants failed to apply the undisbursed fire loss proceeds to sums secured by the Security Instrument.

### Breach of Contract - Violation of Deed of Trust - paragraph 22
### Failed to provide DOT's required pre-acceleration notice

22. In response to Plaintiff's First Interrogatories, Number 4, when asked to, "please state when, by what method and to which address you provided Deed of Trust's condition precedent (DOT paragraph 22) to Plaintiff Blick with required pre-acceleration notice...", DBNTC offered no relevant response. Instead, Defendants insisted, "... Plaintiff was aware that the mortgage had been accelerated ...". (*See* Dkt. 43, *Mo. For Continuance,* Ex. 1.3, No. 4).

23. During the Court's September 13, 2017 telephone conference, Defendants requested and were granted fourteen days to produce any evidence that the required pre-acceleration notice was properly served. However, no material fact nor contradicting evidence was produced.

24. Therefore, a reasonable jury would find no material fact nor contradicting evidence to dispute Plaintiff's allegation that Defendants failed to provide DOT's required pre-acceleration notice prior to initiating foreclosure.

### RELIEF REQUESTED

Wherefore, Plaintiff moves the Court for entry of summary judgment against Defendants finding them in breach of contract for violation of the Deed of Trust and in violation of the Fair Debt Collections Act – 15 U.S.C. § 1692g(b) and order:

1. Defendant(s)' sale of Blick's home be deemed a breach of contract in violation of said trust agreement and/or in violation of debt collection law.

2. Plaintiff be awarded actual and consequential damages caused by such person(s);

3. In determining the amount of liability due, Plaintiff requests this Court consider the persistence and intentionality of Defendant(s)' actions;

4. Plaintiff be awarded all costs and expenses of this action; and

5. Plaintiff be granted all such other relief afforded by law, as this Court deems appropriate.

January 29, 2018

Respectfully submitted

*Harold Blick*

Harold Blick, Pro Se
P.O. Box 8295
Charlottesville, Virginia 22906
(434) 466-5828
kathalcorp@aol.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January 2018, I mailed by first class mail postage prepaid a true and correct copy of this *Motion for Summary Judgment* to:

Counsel for Defendants:
William D. Ledoux, Jr.,
Eckert Seamans Cherin & Mellott LLC.
919 East Main Street, Suite 1300
Richmond, Va. 23219

Respectfully,

_____
Harold Blick, Pro Se
P.O. Box 8295,
Charlottesville, VA. 22906
kathalcorp@aol.com

8