CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/29/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| HAROLD BLICK,<br><br>      *Plaintiff*,<br><br>v.<br><br>SHAPIRO & BROWN, LLP,<br>DEUTSCHE BANK NATIONAL TRUST CO.,<br><br>      *Defendants*. | CASE NO. 3:16-cv-00070<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Plaintiff Harold Blick, proceeding *pro se*, moves for summary judgment.[1] (Dkt. 68). Plaintiff currently has two claims before the Court, one against each Defendant, stemming from the foreclosure of his property: (1) a breach of contract claim against Defendant Deutsche Bank National Trust Company ("DBNTC") for allegedly violating a condition in a deed of trust; and (2) a claim against Defendant Shapiro & Brown, LLP ("Shapiro") for allegedly violating 15 U.S.C. § 1692g(b). Because Plaintiff has failed to make an initial showing regarding either claim, his motion will be denied.

       **I. Standard of Review**

  The Court should grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact

---

[1]   The present litigation is the fourth in a series of cases that Plaintiff has brought seeking to invalidate a foreclosure and sale of his Property. *See Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012), *aff'd*, 475 F. App'x 852 (4th Cir. 2012); *Blick v. Long Beach Mortgage Loan Trust 2005-WL3*, No. 3:13-cv-00002, 2013 U.S. Dist. LEXIS 46442 (W.D. Va. Mar. 29, 2013), *aff'd*, 539 F. App'x 126 (4th Cir. 2013); *Blick v. Deutsche Bank Nat. Trust Co.*, No. 3:14-CV-00022, 2014 WL 4052820 (W.D. Va. Aug. 15, 2014), *aff'd*, 591 F. App'x 231 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 114 (2015), *reh'g denied,* 136 S. Ct. 575 (2015).

1

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. [S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## II. Breach of Contract Claim for Violating the Deed of Trust[2]

Under Virginia law, a borrower on a home mortgage may sue for breach of contract if the lender initiates foreclosure without complying with contractual predicates to foreclosure found in the deed of trust. *See Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898, 902 (Va. 2008); *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 199–200 (Va. 2012). Specifically, *Bayview* held that failure to properly provide pre-acceleration notice was a breach of the deed of trust and prevented the noteholder from exercising its right of acceleration. *Bayview*, 275 Va. at 122. Plaintiff contends that Defendant DBNTC violated the conditions of the deed of trust by failing to properly provide pre-acceleration notice. Plaintiff, having moved for summary judgment, has the initial

---

[2] Plaintiff attempts to assert other breach of contract claims for violating the deed of trust that are not properly before the Court. In granting Plaintiff's motion to amend, this Court previously found Plaintiff had stated a valid claim only as to pre-acceleration notice. (Dkt. 24 at ECF 3). *See also* Am. Compl. at 19. Plaintiff's attempts to introduce new facts as to other alleged breaches (*e.g.* the misapplication of insurance proceeds, *etc*.) are inappropriate.

2

burden to establish his *prima facie* case.

> [I]f the movant bears the burden of proof on a claim at trial, then its burden of production [on summary judgment] is greater. It must lay out the elements of its claim, citing the facts it believes satisfies those elements, and demonstrating why the record is so one-sided as to rule out the prospect of the nonmovant prevailing. If the movant fails to make that initial showing, the court must deny the motion, even if the opposing party has not introduced contradictory evidence in response.

10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2727.1 (4th ed. 2017). Plaintiff has failed to make this initial showing.

The evidence cited by Plaintiff fails to establish his *prima facie* case.[3] Plaintiff directs the Court to an interrogatory as proof that pre-acceleration notice was not provided. However, this interrogatory was objected to and does not support Plaintiff's claim. Defendant's response, without waiving its objection, stated:

> [P]laintiff had for many years failed to make payments, filed multiple lawsuits and appeals, and otherwise impeded the ability of the noteholder to receive payments or to exercise its rights under the deed of trust. Throughout each of these [prior] lawsuits plaintiff was aware that the mortgage had been accelerated and payment in full demanded . . . .

(Dkt. 43-1 at ECF 4). This response provides no support for Plaintiff's claim that Defendant failed to provide pre-acceleration notice. Plaintiff also appears to direct the Court to allegations in his pleadings as evidence—but this too is insufficient. *Warren v. Tri Tech Labs., Inc.*, No. 6:12-CV-00046, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013) ("To show that a genuine

---

[3] Plaintiff provided the Court with several new exhibits of evidence in his reply brief. (Dkt. 70). The Court declines to consider this new evidence. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) (reversing the district court for relying on new evidence presented in the defendant's summary judgment reply brief when the plaintiff did not have adequate opportunity to respond); *see also Kurland v. ACE Am. Ins. Co.*, No. CV JKB-15-2668, 2017 WL 354254, at *4 (D. Md. Jan. 23, 2017) ("The court also recognizes that it generally should not consider 'new evidence' presented by a summary judgment movant in its reply brief to which the non-movant has had no opportunity to respond." (collecting cases)). Even if the Court did consider this new evidence, it conflicts with prior evidence in the record, not currently cited by Plaintiff, as to whether pre-acceleration notice was provided. (*Compare* Dkt. 70-1 at ECF 10–24 *with* Dkt. 54); *see also* Fed. R. Civ. P. 56(c)(3).

dispute of material fact exists (or does not exist), a party may not rest upon the mere allegations or denials of his pleadings." (citing *Celotex,* 477 U.S. at 324)). Ultimately, Plaintiff has failed to make the required initial showing for the Court to rule on this claim as a matter of law.

### III.     15 U.S.C. § 1692g(b) Claim

Plaintiff similarly fails to make an initial showing that he did not receive validation of the debt as required by the Fair Debt Collections Practices Act. *See* 15 U.S.C. § 1692g(b).

> If the consumer notifies the debt collector . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Plaintiff asserts that he never received proper validation of the debt after he disputed it in writing. A party asserting that a fact cannot be "genuinely disputed must support the assertion by: citing to particular parts of materials in the record," including affidavits, interrogatories, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Assuming that Plaintiff disputed the debt, Plaintiff has failed to provide evidence regarding whether the debt was validated. Plaintiff contends Defendant admitted through its objections to Plaintiff's request for production of documents that it disregarded the validation requirement under the statute. (Dkt. 68 at ECF 2). Defendant's objection provides no such admission. Defendant's response to Plaintiff's discovery request, without waiving its objection, merely directed Plaintiff to the underlying note for Plaintiff's mortgage, and stated that DBNTC could "enforce the note." (Dkt. 68-1 at ECF 7). This objection has no bearing on whether Defendant failed to validate the debt or not.

Further, Plaintiff's allegations in his brief, regarding whether he received validation of the debt, are not evidence. "Plaintiff cannot rely on arguments or statements set forth in its brief,

4

without any supporting evidence, to establish entitlement to summary judgment." *Branch Banking & Tr. Co. v. Riley*, No. CIV.A. 2:09-2082-MBS, 2010 WL 5642605, at *1 (D.S.C. Jan. 26, 2010) (citing *Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1358 (4th Cir. 1995)). Again, Plaintiff has ultimately failed to make the initial showing required for the Court to rule on this claim as a matter of law.

\* \* \*

For the reasons stated above, I will deny Plaintiff's motion for summary judgment.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to the *pro se* Plaintiff and all counsel of record.

Entered this  29th  day of March, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE